IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RYAN CORNELUS RUMPH,** | :<br>: |
| Plaintiff, | :<br>:<br>: |
| v. | :<br>: No. 5:22-cv-00025-TES-CHW |
| **SUPERIOR COURT OF HOUSTON COUNTY,** *et al.*, | :<br>:<br>: |
| Defendants. | :<br>: |

## ORDER

Plaintiff Ryan Cornelus Rumph, a prisoner in Rutledge State Prison, filed a handwritten document, which was docketed in this Court as a civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Thereafter, Plaintiff was ordered to clarify whether he actually intended to file a § 1983 complaint or whether, instead, he intended to file a 42 U.S.C. § 2254 petition for a writ of habeas corpus. Order to Recast, ECF No. 4. Plaintiff was also ordered to either pay the applicable filing fee or move for leave to proceed *in forma pauperis*. *Id.*

Plaintiff subsequently filed a new complaint on a 42 U.S.C. § 1983 form and a motion for leave to proceed *in forma pauperis*. Recast Compl., ECF No. 5; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 6. Rather than submitting a certified account statement in support of his motion to proceed *in forma pauperis*, Plaintiff submitted a receipt from the prison commissary. *See* Mot. for Leave to Proceed *In Forma Pauperis* 4, ECF No. 6. The receipt showed Plaintiff's account balance following the transaction but did not provide any information regarding Plaintiff's deposits or withdrawals to allow the

Court to determine his average monthly balance or his average monthly deposits as required by the statute. *See id.* Moreover, the receipt had not been certified by a prison official. *See id.*

Therefore, Plaintiff was ordered to submit a proper certified account statement, signed by the appropriate prison official and supported by a statement of Plaintiff's account transactions for the previous six months. Order, ECF No. 7. Plaintiff was given fourteen days to file his certified account statement and was cautioned that his failure to comply could result in the dismissal of this case. *Id.* That order was recently returned to the Court as undeliverable. Mail Returned, ECF No. 8.

It is Plaintiff's responsibility to keep the Court apprised of his current address. To that end, Plaintiff should submit a notice of address in writing to the Court any time his address changes. His failure to do so will constitute a failure to prosecute this case and could result in its dismissal.

Although he did not file a notice of change of address, Plaintiff recently filed a letter asking for a copy of the docket sheet for this case. Letter, ECF No. 9. The return address on that letter indicates that Plaintiff has been transferred to Baldwin State Prison. Attach. to Letter, ECF No. 9-1. A search of the Georgia Department of Corrections Inmate Search also shows Plaintiff's most recent institution as Baldwin State Prison. *See* Georgia Dep't of Corr., Find an Offender, http://www.dcor.state.ga.us/GDC/Offender/Query, Query "Rumph, Ryan" (showing most recent institution as the Baldwin State Prison) (last visited May 3, 2022).

Therefore, the Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the order to submit his certified account statement (ECF No. 7) and the appropriate account certification form along with his service copy of this order (with the civil action number showing on both). Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to comply with the order to file his account statement. Plaintiff's failure to comply with that order may result in the dismissal of this case. There shall be no service of process in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 3rd day of May, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge