IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RYAN CORNELIUS RUMPH, : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | |
| : | NO. 5:22-cv-00025-TES-CHW |
| SUPERIOR COURT OF : | |
| HOUSTON JUDICIAL CIRCUIT, : | |
| *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER & RECOMMENDATION OF DISMISSAL

Plaintiff Ryan Cornelius Rumph, a prisoner in Baldwin State Prison in Hardwick, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983. Recast Compl., ECF No. 5. He also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 6; Prisoner Trust Fund Account Statement, ECF No. 11. Thereafter, Plaintiff's motion for leave to proceed *in forma pauperis* was granted, and he was ordered to pay an initial partial filing fee of $32.67. Order, ECF No. 17.

In response, Plaintiff has filed a document that has been docketed as a motion for preliminary injunction.[1] In this motion, Plaintiff acknowledges the order to pay the filing fee but asserts that he has not received any funds from his family recently and that his trust

---

[1] In this document, Plaintiff asks that his name be corrected on the docket to read "Ryan Cornelius Rumph" instead of "Ryan Cornelus Rumph." Mot. for Prelim. Inj. 2, ECF No. 18. In this regard, the motion is **GRANTED IN PART**, and the Clerk is **DIRECTED** to update the docket accordingly. The remaining requests in this document are discussed separately in this order and recommendation.

fund account has a balance of only forty-five cents.  Mot. for Prelim. Inj. 2-3, ECF No. 18.  Thus, Plaintiff requests injunctive relief with regard to the filing fee.  *Id.* at 3-4.

Additionally, Plaintiff asserts that he works as a floor technician and custodial maintenance worker and asks that prisoners be paid appropriately for their assigned work.  *Id.* at 4.  In the remainder of the motion, Plaintiff recognizes that the prison custodian is authorized to forward payments from Plaintiff's prisoner account in satisfaction of the filing fee and that he remains obligated to pay the fee upon his release.  *Id.* at 5-6.  Plaintiff also requests $100 trillion upon his release from prison for mental and emotional suffering.  *Id.* at 6.

To the extent that Plaintiff is seeking to have this case proceed without further prepayment of the filing fee, a partial payment of $6.00 was recently docketed in this Court.  Although this does not satisfy the full initial filing fee that was previously ordered, in the interest of moving this case forward, the Court will proceed to the preliminary review stage without further prepayment of the filing fee.  Thus, the motion is **GRANTED IN PART** to the extent that it seeks relief from paying the remainder of the initial partial filing fee.  Nevertheless, Plaintiff remains obligated to pay the remainder of the full filing fee as set forth in the order granting him leave to proceed *in forma pauperis*.  With regard to any request for prisoners to be paid more for their assigned work, such relief is outside the scope of this action, and it is **RECOMMENDED** that the motion be **DENIED IN PART** as to that request.

Plaintiff's complaint is now ripe for preliminary review.  As to the merits of the complaint, the preliminary review of the complaint shows that Plaintiff has not stated a

claim upon which relief may be granted. It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**. To that end, it is also **RECOMMENDED** that the request for monetary damages in the motion for injunctive relief be **DENIED**.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.   Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's recast complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Factual Allegations

Plaintiff's complaint is somewhat difficult to follow, but he appears to be asserting that Defendants Judge Edward D. Lukemire and Assistant District Attorney Mr. Bibler violated his rights in connection with his criminal case. *See* Recast Compl. 5-7, ECF No. 5. Plaintiff states that Judge Lukemire denied Plaintiff's May 6, 2013 motion for a new trial and request for modification of sentence. *Id.* at 5. In December 2020, Plaintiff

4

was allowed to pursue an out-of-time appeal with regard to the motion, but it is unclear what happened after that point. *See id.* As to Bibler, Plaintiff asserts that, in January 2021, Bibler was at a video hearing and "was supposed to strike out designation of record if not applicable." *Id.*

Plaintiff asserts that the actions of Lukemire and Bibler violated Plaintiff's First Amendment rights to freedom of speech and freedom of association because they stopped Plaintiff from speaking and from interacting with other people. *Id.* at 5-6. He also contends that his Fourteenth Amendment due process rights were violated insofar as he was sentenced twice for the same act. *Id.* at 6. Plaintiff next claims that he was subjected to cruel and unusual punishment in that he was charged twice for the same act, has been consistently denied parole, and has to serve a thirty-six-year sentence. *Id.* at 7. Finally, he asserts that he was denied equal protection of the laws. *Id.* He seeks monetary damages and release from prison as relief. *Id.* at 8.

### III. Plaintiff's Claims

Plaintiff's allegations do not state a claim for relief for several reasons. As an initial matter, to the extent that he is seeking release from prison, a 42 U.S.C. § 1983 petition is not the appropriate avenue for seeking such relief. Instead, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's release is not an available remedy in this case.

To the extent that he is seeking monetary damages, Plaintiff makes bald assertions that his rights to freedom of speech, freedom of association, due process, freedom from cruel and unusual punishment, and equal protection were all violated, but he does not support these general allegations with specific facts to show that any such violation occurred. For instance, Plaintiff asserts that he was denied equal protection of the law, but he provides no factual allegations to show that he was treated differently from any other person. Accordingly, his allegations do not establish a claim for relief. *See Iqbal*, 556 U.S. at 678.

Insofar as Plaintiff's claims rest on his allegations of double jeopardy, he again does not allege facts showing that he was actually subjected to double jeopardy. Regardless, even if he had, success on those claims would result in the invalidation of his conviction and sentence. Therefore, these claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which provides that a prisoner cannot bring a § 1983 action for damages that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated.

As an additional matter, Plaintiff's claims cannot stand against either of the named defendants. Any claims relating to Judge Lukemire are barred because Judge Lukemire is protected by judicial immunity. A state judge is absolutely immune from monetary damages in a § 1983 suit for judicial acts, "even when such acts are in excess of [his or her] jurisdiction and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The only specific acts of Judge Lukemire that Plaintiff mentions are that he denied Plaintiff's motion for a new trial and his request for

modification of his sentence, which are judicial acts. To the extent that Plaintiff makes general allegations regarding Judge Lukemire, these allegations all relate to Plaintiff's conviction and sentence, and Judge Lukemire is immune from these claims. *See id.*

As to Mr. Bibler, a prosecutor is absolutely immune "in § 1983 actions for activities that are 'intimately associated with the judicial phase of the criminal process." *Hart v. Hodges,* 587 F.3d 1288, 1294 (11th Cir. 2009) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009)). To that end, "[p]rosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing." *Id.* at 1295. Plaintiff's only specific allegation as to Mr. Bibler relates to his appearance at a 2020 hearing, for which Bibler is entitled to prosecutorial immunity. *See id.* And as with Judge Lukemire, Plaintiff's general allegations relating to Bibler are all connected with Plaintiff's conviction and sentence. Plaintiff makes no allegations suggesting that Bibler was ever acting in anything other than his prosecutorial role. Thus, Bibler is also entitled to immunity from Plaintiff's action.

### IV. Conclusion

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted. It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** on this basis.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Order and Recommendation with the United States District Judge to whom this case

is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 14th day of September, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge